**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| KATHLEEN PATTON, | ) | CASE NO:    06 B 16669 |
| | ) | |
| | ) | HEARING DATE**:    Monday, June 15, 2009** |
| DEBTOR. | ) | HEARING TIME**:    9:30 A.M.** |
| | ) | |
| | ) | HON. JACQUELINE P. COX |
| | ) | BANKRUPTCY JUDGE |

**TRUSTEE'S MOTION FOR LEAVE TO ABANDON DEBTOR'S**
**INTEREST IN REAL ESTATE AND TO WAIVE FILING OF FINAL REPORT**

Karen R. Goodman, Trustee ("Trustee"), by and through her attorneys, Karen R. Goodman and the law firm of Shefsky & Froelich Ltd, pursuant to 11 U.S.C. §554 and Rule 6007 of the Federal Rules of Bankruptcy Procedure, requests the entry of an Order authorizing the Trustee to abandon the Debtor's interest in the residential real estate located at One Woods Chapel Road, Rolling Meadows, Illinois ("Property") and waiving the requirement that the Trustee file a Final Report. In support of this Motion, the Trustee respectfully states as follows:

1. On December 15, 2006, Debtor filed a Voluntary Petition for relief under Chapter 7 of the U.S. Bankruptcy Code. The Trustee was appointed by the United States Trustee, and from the first meeting of creditors held on January 17, 2007, has been acting as the Trustee of the Debtor's Estate.

2. On January 23, 2008, this Court entered an Order approving the Settlement Agreement relating to the Property among the Trustee, the Debtor and Robert H. Avellini, owner of 65% of the beneficial interest in the land trust which owns the Property.

3. The Settlement Agreement resolved a number of disputes among the parties, including the Estate's interest in the Property, the allowance and amount of the Debtor's

homestead exemption, the marketing of the Property for sale and rental until it is sold, and the distribution of any proceeds from a sale of the Property for the satisfaction of creditors' claims.

4. Mr. Avellini and the Trustee, as owner of the remaining beneficial interest in the land trust, have been unable to sell the Property since the entry of the Order approving the Settlement Agreement, although it has been rented.

5. Based upon the current economic environment and the real estate market, and after consultation with real estate brokers, the Trustee is of the opinion that the Property is unlikely to be sold in the near future. Mr. Avellini has been responsible for payment of the mortgage on the Property since prior to the Debtor's bankruptcy filing and real estate taxes on the Property remain unpaid.

6. In accordance with the Settlement Agreement, the Estate's 35% interest in the net proceeds of the sale of the property shall be reduced by $8,000 to repay Mr. Avellini for advancing the agreed homestead exemption to the Debtor. That amount has now been paid in full..

7. The Trustee is of the opinion that the Estate's 35% interest, when reduced by the $8,000 and the costs advanced by Mr. Avellini to maintain the Property, will not be significant. Moreover, Mr. Avellini is the largest unsecured creditor in the case, with an allowed claim in the amount of $69,800.

8. Mr. Avellini, who is carrying all the costs of the Property, desires to refinance the Property, but is unable to do so as long as the Trustee is an owner of a portion of the beneficial interest in the land trust that owns the Property.

9. Due to the length of time that it appears likely to take to sell the property, the costs to maintain and preserve the property, Mr. Avellini's status as the largest creditor in the

case, the reduction of the Estate's 35% interest by the amount of the homestead exemption and the depressed real estate values, the Trustee submits that the Property is of inconsequential value and benefit to the Estate and requests leave to abandon the Estate's interest in the Property pursuant to §554 of the Bankruptcy Code.

10. Because Mr. Avellini has paid the entirety of the homestead exemption to the Debtor pursuant to the Settlement Agreement, the Trustee requests leave to execute a Quit Claim Deed and Release of Property Interest in favor of Mr. Avellini, which the Debtor has also agreed to execute.

11. As there are no additional assets in the Estate, the Trustee further requests a waiver of the requirement to file a Final Report in this case and leave to file a No Asset Report.

**WHEREFORE**, for the foregoing reasons, the Trustee respectfully requests the entry of an Order granting the Trustee leave to abandon the Property; to execute the Quit Claim Deed to Mr. Avellini and the Release of Property Interest; a waiver of the requirement to file a Final Report; and leave to file a No Asset Report in this case.

    Respectfully submitted,

    /s/ Karen R. Goodman_____
    Karen R. Goodman, Trustee

Karen R. Goodman (#1008242)
SHEFSKY & FROELICH, LTD.
111 East Wacker Drive, Suite 2800
Chicago, Illinois  60601
(312) 527-4000
(312)275-7570
1120023_1

3

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 7 |
| | ) |
| KATHLEEN PATTON, | ) CASE NO:   06 B 16669 |
| | ) |
| DEBTOR. | ) HEARING DATE:  **Monday, June 15, 2009** |
| | ) HEARING TIME:     **9:30 A.M.** |
| | ) |
| | ) HON. JACQUELINE P. COX |
| | ) BANKRUPTCY JUDGE |

## NOTICE OF MOTION

**To:**  See Attached Service List

**PLEASE TAKE NOTICE** that on **Monday, June 15, 2009**, at the hour of **9:30 a.m.**, I shall appear before the Honorable Jacqueline P. Cox, United States Bankruptcy Judge, or any Judge sitting in her stead, in Courtroom 619, 219 South Dearborn Street, Chicago, Illinois, and then and there present **TRUSTEE'S MOTION TO ABANDON DEBTOR'S INTEREST IN REAL ESTATE AND TO WAIVE FILING OF FINAL REPORT,** a copy of which is attached hereto, made a part hereof, and herewith served upon you.,

/s/ Karen R. Goodman
Karen R. Goodman, Trustee

Karen R. Goodman, Esq.
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, Suite 2800
Chicago, IL  60601
Phone: (312) 527-4000
Fax:  (312)275-7570

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that copies of this **Notice and Trustee's Motion to Abandon Debtor's Interest in Real Estate and to Waive Filing of Final Report** were served upon the above persons via ECF and by placing copies of same in the U.S. Mail at 111 East Wacker Drive, Chicago, Illinois, with proper postage prepaid on the **27th** day of **May 2008**.

/s/ Karen R. Goodman
Karen R. Goodman

## SERVICE LIST
## FOR MOTION TO ABANDON REAL ESTATE

| | |
|---|---|
| Untied States Trustee<br>227 W. Monroe Street, Suite 3350<br>Chicago, Illinois 60606 | Robert H. Avellini<br>Avellini Realty and Development, Inc.<br>1085 Flamingo Drive<br>Roselle, Illinois 60172 |
| Ronald R. Peterson<br>Jenner & Block LLP<br>330 N. Wabash Avenue<br>Chicago, Illinois 60611 | Sean C. Herring<br>Jenner & Block LLP<br>330 N. Wabash Avenue<br>Chicago, Illinois 60611 |

**CREDITORS' SERVICE LIST**
**FOR MOTION TO ABANDON REAL ESTATE**

Applied Card Bank
P.O. Box 17123
Wilmington, Delaware 19850-7123

WFNNB/Express
ATTN: Jim Fisher
c/o Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090-2036

Capital One, FSB
P.O. Box 85520
Richmond, VA 23285-5520

Corttrust Bank Credit Card
P.O. box 5431
Sioux Falls, SD 57117-5431

Household Bank
P.O. Box 98706
Las Vegas, NV 89193-08706

AT&T
c/o Encore Receivable Management, Inc.
P.O. Box 3330
Olathe, KS 66063-3330

Internal Revenue Service
District Director
ATTN: DPN27-3
P.O. Box 745
Chicago, IL 60690

NCP Financial Group
507 Prudential Road
Horsham, PA 19044

O'Halloran, Kosoff, Geitner & Cook, P.C.
ATTN: Mark Anderson
Edens Corporate Center, 4th Floor, 650
Dundee road
Northbrook, IL 60062

Palisades Collection
210 Sylvan Avenue
Englewood Cliffs, NJ 07632-2524

Verizon Wireless-Great Lakes
1515 East Woodfield Road, Suite 1400
Schaumburg, IL 60173-5443

Mark Strahle
Two Woods Chapel Road
Rolling Meadows, IL 60008

Robert H. Avellini
Avellini Realty and Development, Inc.
1085 Flamingo Drive
Roselle, Illinois 60172

Illinois Department of Revenue
Bankruptcy Section
100 West Randolph Street
Level 7-400
Chicago, IL 60601